Filed 8/6/14  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAUNTE MAURICE JOHNSON,<br><br>Defendant and Appellant. | F066203<br><br>(Super. Ct. No. RF6056A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Defendant Daunte Maurice Johnson was convicted by jury of burglary and aggravated assault. On appeal, he contends that the court should have instructed sua sponte on the lesser included offense of simple assault. We affirm.

## PROCEDURAL SUMMARY

On June 20, 2012, the Kern County District Attorney charged defendant with burglary of an inhabited dwelling (Pen. Code, § 460, subd. (a), count 1) and assault with a deadly weapon, to wit, a shoe (§ 245, subd. (a)(1), count 2).

As to count 1, it was alleged that another person other than an accomplice was present during the commission of the burglary under section 667.5, subdivision (c)(21). As to count 2, it was further alleged that defendant inflicted great bodily injury upon a person not an accomplice under section 12022.7.

At trial, a jury found defendant guilty on both counts. The jury found true the allegation that another person other than an accomplice was present in the residence. The jury found not true that defendant inflicted great bodily injury. Defendant was also found to be in violation of his probation.

Defendant was sentenced to the middle term of four years on count 1. The sentence for count 2 was stayed pursuant to section 654. Defendant was ordered to pay restitution as well as other fines and fees.

Defendant timely filed a notice of appeal on November 21, 2012.

## FACTS

On May 19, 2012, at approximately 3:30 a.m., Ridgecrest Police Officer Bill Groves was dispatched to the house of William Mills, Jr. Groves found the victim, James Johnson, lying face up on the living room floor. His nose and left eye were swollen. He had blood coming from his nose and ears. Groves asked the victim if he recalled what happened. The victim had no recollection of what took place. He later testified that he fell asleep at Mills's house and woke up in the hospital.

2.

Groves asked Mills what had happened. Mills told Groves that he heard a knock at the door and, when he opened the door, defendant was outside. Defendant stated he needed to borrow Mills's phone. Defendant saw the victim on the floor and asked what he was looking at or something to that effect. Mills told defendant to leave the victim alone. Defendant told the victim that he had 10 seconds to come outside or he was going to come inside and snatch him out. Mills told Groves that defendant began counting to 10 out loud, and then ran inside the house. Defendant then punched the victim in the face approximately six times and then began stomping on him. Mills tried to stop defendant from attacking the victim, when defendant grabbed him by the throat and punched him once on the side of the head. Mills ran to a neighbor's house to call the police. Mills told Groves that defendant was wearing dark clothing and could be found at his girlfriend's house about 100 yards away.

At trial, Mills testified that he had no recollection of any of the events that took place on May 19, 2012.

Groves found defendant at his girlfriend's house. He seized a pair of pants, a shirt, and sneakers, all of which appeared to have dried blood on them. Groves placed defendant under arrest. Groves did not observe anything on defendant's hands that indicated he had been in a fight.

## DISCUSSION

Even absent a request, the trial court must instruct on general principles of the law, including lesser included offenses. (*People v. Breverman* (1998) 19 Cal.4th 142, 154.) However, such instructions are required only "'when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.'" (*Ibid*.) The evidence must be substantial in that a reasonable jury could have concluded that the "lesser offense, but not the greater, was committed." (*Id*. at p. 162.) Failure to instruct sua

3.

sponte on a lesser included offense is reviewed independently. (*People v. Cole* (2004) 33 Cal.4th 1158, 1215.)

Aggravated assault (§ 245, subd. (a)(1)) prohibits "assault upon the person of another with a deadly weapon or instrument other than a firearm." Simple assault (§ 240) is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." It is undisputed that simple assault is a lesser included offense of assault with a deadly weapon. (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 747; § 245, subd. (a)(1).)

Defendant argues that the trial court erred by failing to instruct the jury sua sponte on the lesser included offense of simple assault. He contends that because the jury did not find true the personal infliction of great bodily injury allegation, there is substantial evidence that the jury could have found him guilty of simple assault.

The People assert that the jury could not find defendant not guilty of assault with a deadly weapon but guilty of simple assault because it was uncontested that the perpetrator committed assault with a deadly weapon, to wit, his shoes.

Here, neither party addressed whether a shoe may be classified as a "deadly weapon." The jury found defendant guilty of assault with a deadly weapon other than a firearm. This means that the jury found defendant committed an assault, and did so with a deadly weapon. A deadly weapon is "'any object, instrument, or weapon which is used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury.'" (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029.) In determining whether an object is a deadly weapon, a jury "may consider the nature of the object, the manner in which it [was] used, and all other facts relevant to the issue." (*Id*. at p. 1029.) It is implicit in the jury's verdict that the shoe was a deadly weapon.

At trial, the defense emphasized the lack of evidence indicating defendant was the perpetrator. In closing argument, defense counsel argued that the witnesses were not reliable and the evidence was "based on a second-and-third-hand hearsay." Counsel

4.

never argued that the shoe was not used as a deadly weapon. The defense's theory of the case was that the prosecution did not meet its burden to show that defendant was the perpetrator, not that defendant committed simple rather than aggravated assault. There was no argument that an assault occurred that was less violent than what Mills described to Groves or that the assault did not include the perpetrator stomping on the victim with his shoe.

Defendant relies on *People v. Sullivan* (2007) 151 Cal.App.4th 524 for the proposition that the trial court has a sua sponte duty to instruct on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present and there is evidence that would justify a conviction of such a lesser offense. (*Id*. at pp. 562-563.) However, *Sullivan* does not support a reversal because the evidence in this case does not support a finding of simple assault. At trial, Groves showed how Mills demonstrated defendant stomping on the victim's face four times with his shoe. This clearly supports the deadly weapon charge in light of the blood found on defendant's right shoe, blood on the victim's left eye, nose, ears and mouth, and the swelling of the victim's nose and left eye. Groves noticed a large amount of blood on the carpet and on a sweatshirt. The evidence supports the jury's verdict that an assault occurred with a deadly weapon. There is no evidence that a simple assault occurred and, therefore, the lesser included offense instruction was not required.

Even assuming the trial court erred, the error was harmless. Failure to instruct on a lesser included offense is subject to the harmless error analysis in *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Breverman*, *supra*, 19 Cal.4th at p. 178.) The conviction may only be reversed if the likelihood of a more favorable outcome is "reasonably probable." (*People v. Watson*, *supra*, at p. 836.)

Here, there is no probability that the jury could have found that defendant committed the lesser offense and not the greater. The only issue for the jury was the identity of the perpetrator and the jury concluded that defendant was the one who

assaulted and battered the victim.  It was uncontested that the victim suffered a violent attack, and the defense did not argue that the assault was less serious than that described by Mills to Groves.  Rather, the defense argued that there was insufficient evidence to prove defendant was involved in the altercation.  There is no evidence to suggest that defendant only committed a simple assault given the manner in which defendant stomped on the victim, the severity of the victim's injuries, and the large amounts of blood on the floor and defendant's shoes and clothing.  Therefore, even if the trial court erred by failing to instruct on the lesser included offense, the error was harmless because there is no reasonable probability that the jury would have found that only a simple assault occurred had an instruction on simple assault been given.

## **DISPOSITION**

The judgment is affirmed.